**Paul E. Loving**, OSB# 942194
paul@theconsulgroup.com
**Jeremy N. Pyle**, OSB# 110157
jeremy@theconsulgroup.com
THE CONSUL GROUP
1706 NW 24th Ave, #96158
Portland, OR  97210
Tel: (503) 922-0412
**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FIELDTURF USA, INC.,** a Florida corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BARAKA SPORT, LLC**, a Washington limited liability company,<br><br>Defendant. | No. 3:16-CV-00795<br><br>**COMPLAINT FOR FALSE ADVERTISING AND UNFAIR COMPETITION UNDER LANHAM ACT § 43(a), 15 U.S.C. § 1125(a) AND OREGON STATE UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121(a), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

**THE PARTIES**

3. Plaintiff FieldTurf USA, Inc. ("FieldTurf") is a corporation organized under the laws of Florida. At all times material herein, FieldTurf has done business in the state of Oregon.

4. Defendant Baraka Sport, LLC ("Baraka Sport") is a Washington limited liability company. At all times material herein, Baraka Sport has done business in the state of Oregon.

## GENERAL ALLEGATIONS

5. Generally, athletic fields for sports such as baseball, football, and soccer are either made of grass or they are constructed and installed using artificial turf ("turf fields").

6. FieldTurf designs, sells, installs, and maintains turf fields and is the global market leader with more than 5,000 fields installed in North America and over 10,000 fields installed worldwide. The company's infilled artificial turf systems became the first to host two Super Bowls, the World Series, the World Baseball Classic, a Major League Soccer Cup final and College Bowl games from coast to coast. Today, FieldTurf provides the turf fields for 22 of the 32 teams for the National Football League, hundreds of NCAA football programs, and many high-profile European soccer teams.

7. From 2012 until January, 2015, John Schedler ("Mr. Schedler") was employed by FieldTurf as its Director of Military Sales/Construction Services. Prior to 2012, Mr. Schedler had been employed by FieldTurf in other positons.

### Baraka Sport

8. On October 17, 2014, Baraka Sport was organized and registered with the State of Washington. Mr. Schedler was and is the sole member of Baraka Sport.

9. Baraka Sport is engaged in the design, sale, installation, and maintenance of turf fields and is a competitor of FieldTurf.

10. On November 16, 2014, Baraka Sport registered the domain www.turfandtrack.com and launched its website at that web address shortly thereafter (the "Website"). The Website has traffic of approximately sixty unique visitors each month.

//

//

**Baraka Sport engages in unlawful conduct**

11. Visitors to the Website, including actual and potential customers, are deceived into believing that Baraka Sport performed work on turf fields that it had no involvement with. By deceptively featuring work on the Website that was performed by FieldTurf and taking credit for that work, Baraka Sport has exaggerated its resume and is passing off FieldTurf projects as its own to unfairly divert business away from FieldTurf and undermine the goodwill and prominence that FieldTurf enjoys as the market leader in turf fields.

12. From approximately November 2014 through the present, an animated graphic on the home page of the Website lists "Honesty" as one of Baraka Sport's core values. When a user visits the Website, the graphic counts up from "0% Honesty" until it stops and reads that one of Baraka Sport's core values is "100% Honesty." This statement is literally false, or at the very least misleading, because the Website is not even close to 100% honest about the turf fields that Baraka Sport has been involved with. Not one of the turf fields featured on the Website are Baraka Sport turf fields; they are all turf fields constructed and installed by FieldTurf.

13. From approximately November 2014 through the present, the home page of the Website has prominently featured rotating images of turf fields at the University of Missouri, the Tinker Air Force Base and Kelly Walsh High School "above the fold" of the homepage (i.e., a visitor to the Website does not have to scroll down the Website in order to view the images). This statement is literally false, or at the very least misleading, because these images are the first thing that a visitor to the Website views, so the initial impression that a visitor to the Website has is that Baraka Sport was involved with these

turf fields. Baraka Sport, however, was not involved in any way with any of these turf fields; they are turf fields constructed and installed by FieldTurf.

14. From approximately February 2015 through the present, in the "News" section of the Website, a news entry under the title "ARTIFICIAL TURF INSTALLED AT TINKER AIR FORCE BASE" discusses the turf field at Tinker Air Force Base and states: "<u>We</u> were recently featured in [a newspaper article] for <u>our</u> work revamping their playing field. This article talks about it in depth" (emphasis added). This statement is literally false, or at the very least misleading, because the words "we" and "our" refers to Baraka Sport and its "work revamping" the Tinker Air Force Base turf field that was "featured in" and "talked about" in the newspaper article. Baraka Sport, however, is not even mentioned in the referenced article. FieldTurf is mentioned five times. This is because the turf field at Tinker Air Force Base is a turf field that was constructed and installed by FieldTurf long before Baraka Sport existed.

15. From approximately November 2014 through the present, on every page of the Website other than the home page, a feature on the right-hand side of each page says "SOME NOTABLE PROJECTS" above three images. These images are the football field at Tinker Air Force Base, the baseball field at the University of New Mexico, and the Denver Broncos practice field. Below these images is text that reads: "View <u>our</u> entire portfolio" (emphasis added) and provides a link to the "Portfolio" section of the Website. This text and imagery is literally false, or at the very least misleading, because the use of the words "SOME NOTABLE PROJECTS," "our entire portfolio," and "Portfolio" with photographs of turf fields refers to Baraka Sport's "notable projects", its "entire portfolio," and its turf fields. Baraka Sport, however, was not involved in any way with

these three turf fields or any of the other turf fields displayed in the Portfolio; they are all turf fields that were constructed and installed by FieldTurf.

16. From approximately November 2014 through the present, the "Portfolio" section of the Website features an extensive photographic collection of turf fields, including the turf fields mentioned above as well as turf fields at the University of Nebraska, the University of Kansas, and Colorado State University. From approximately November 2014 until March 2015, the introductory copy to the "Portfolio" section of the Website stated: "Below are some examples of past and recent projects we've taken pride in ensuring successful construction and installation for various ownership groups with various contracting strategies" (emphasis added). This statement that the "Portfolio" is comprised of "examples of past and recent projects we've taken pride in ensuring successful construction and installation [of]" is literally false, or at the very least misleading, because the statement refers to Baraka Sport's past and recent turf field projects. Baraka Sport, however, was not involved in the construction or installation of any of the turf fields displayed; they are all turf fields that were constructed and installed by FieldTurf.

17. From approximately November 2014 through the present, on the "Qualifications" page of the website, the word "Experience" appears in bold and large text, with a sentence underneath that reads: "30 years including all aspects of design, construction for new and existing facilities. Synthetic turf, all-weather tracks, natural grass, indoor and outdoor facilities. Government and military contracting, cooperative purchasing contracts, GSA contracts, design/build, consultation. Project resume throughout North America and International. Every level of competition and venue including FIFA, IAAF, NFL, MLS,

NCAA, High School, Parks & Rec, Military, Federal and Foreign installations." This statement is literally false, or at the very least misleading, because the statement refers to Baraka Sport's "30 years" of "experience", and its "Project resume" at "every level of competition and venue." Baraka Sport, however, does not have 30 years of experience; it has only been in operation since October 2014. Further, Baraka Sport's project résumé does not include work at every level of competition and venue. Field Turf's project résumé does, specifically with the Field Turf clients listed by Baraka Sport on the Website such as FIFA, IAAF, NFL, MLS, and NCAA.

18. In a letter to Mr. Schedler's attorney dated February 20, 2015, FieldTurf demanded that Baraka Sport cease and desist in the misrepresentation of work performed by Baraka Sport on the Website and in any of its other marketing materials, and immediately remove the photographs of all FieldTurf projects from the Website.

19. In response, Baraka Sport revised a single line of copy on the "Portfolio" page of the Website by removing the word "we've" and revising the copy in a manner which did not eliminate the false and misleading nature of the copy. All other false and misleading statements and photographs have at all times remained, and still remain, on the Website.

20. The entire Website, taken as a whole, is misleading. Taken together, the statements made and the photographs featured on the Website give Website visitors the impression that Baraka Sport is a large, highly experienced turf field company that provides full-service construction and installation services similar to FieldTurf. The reality is that Baraka Sport is a small start-up company with two employees that is misrepresenting its experience by making false and misleading statements, and using photographs of

FieldTurf projects in which it had absolutely no involvement, to deceive potential customers into engaging Baraka Sport to provide its services.

## FIRST CLAIM FOR RELIEF

### False Designation of Origin – 15 U.S.C. § 1125(a)

21. Plaintiff realleges paragraphs 1 through 20 above.

22. Defendant has made false and misleading statements in interstate commerce that identify Baraka Sport as the company responsible for the construction and installation of various turf fields prominently featured in photographs on the Website, including the University of Missouri, Tinker Air Force Base, University of Nebraska, Colorado State University, University of Kansas, University of New Mexico, and the Denver Broncos. In doing so, Defendant has, in commercial advertising, falsely designated the origin of the construction and installation services for these turf field projects.

23. Defendant's false designations of origin are likely to deceive the Website visitors and cause confusion or mistake in the marketplace, including among prospective clients, as to the connection of Baraka Sport with FieldTurf or to FieldTurf approving of or sponsoring Defendant's services.

24. Defendant's false designations of origin are the direct and proximate cause of harm to plaintiff in an amount to be determined at trial, and are likely to cause further irreparable injury to plaintiff, its business reputation, and the goodwill it has accumulated over the course of more than twenty years. Plaintiff has no adequate remedy at law and has been and will continue to be irreparably injured unless and until defendant is enjoined from making false designations of origin in connection with commercial advertising related to its business.

25. Pursuant to 15 U.S.C. § 1117, plaintiff is entitled to recover from defendant the damages sustained by plaintiff as a result of defendant's acts in violation of 15 U.S.C. § 1125(a). Plaintiff is at present unable to ascertain the full extent of the monetary damages it has sustained as a result of defendant's wrongful acts.

26. Pursuant to 15 U.S.C. § 1117, plaintiff is further entitled to recover the costs of this action. Moreover, plaintiff is informed and believes, and alleges on that basis, that defendant's conduct was done willfully and with the intent to cause confusion or deception, which entitles plaintiff to recover additional damages and/or reasonable attorney's fees.

## SECOND CLAIM FOR RELIEF

### False Advertising – 15 U.S.C. §1125(a)

27. Plaintiff reallages paragraphs 1 through 26 above.

28. In connection with the promotion and marketing of Baraka Sport's turf field construction and installation services, defendant has made and continues to make statements of fact on the Website, in interstate commerce, that are literally false or, if true, are likely to mislead or confuse consumers about defendant's services, experience, and expertise. The Website did contain and still contains false or misleading representations of fact.

29. Defendant's false and misleading statements on the Website are likely to deceive a substantial segment of its audience and are likely to influence its audience's purchasing decisions because they concern defendant's experience and expertise in the construction and installation of fields for major institutions. As such, defendant is in violation of 15 U.S.C. § 1125(a).

30. Defendant's representations regarding its experience and expertise on the Website are literally false or, if true, are likely to mislead. Taken together, defendant's statements mean that Baraka Sport has the skill and experience to design, plan, construct and install a major turf field project comparable to those designed, planned, constructed and installed by FieldTurf at major universities and for professional sports teams. Additionally, the statements and photographs also negate FieldTurf's actual role in those turf field projects by giving the appearance and distinct impression that they are Baraka Sport's projects.

31. Defendant's false and misleading statements are the direct and proximate cause of harm to plaintiff in an amount to be determined at trial, and are likely to cause further irreparable injury to plaintiff, its business reputation, and the goodwill associated with its business. Plaintiff has no adequate remedy at law and has been and will continue to be irreparably injured unless and until defendant is enjoined from making false and misleading statements in connection with advertising related to its business.

32. Pursuant to 15 U.S.C. § 1117, plaintiff is entitled to recover from defendant the damages sustained by plaintiff as a result of defendant's acts in violation of 15 U.S.C. § 1125(a). Plaintiff is at present unable to ascertain the full extent of the monetary damages it has sustained as a result of defendant's wrongful acts.

33. Pursuant to 15 U.S.C. § 1117, plaintiff is further entitled to recover the costs of this action. Moreover, plaintiff is informed and believes, and alleges on that basis, that defendant's conduct was done willfully and with the intent to cause confusion or deception, which entitles plaintiff to recover additional damages and/or reasonable attorney's fees.

Page 9 of 11                           COMPLAINT

THE CONSUL GROUP
1706 NW 24th Ave, #96158
Portland, OR 97210
(503) 922-0412

### THIRD CLAIM FOR RELIEF

### Common Law Unfair Competition

34. Plaintiff realleges paragraphs 1 through 33 above.

35. Defendant's use of false and misleading statements has likely deceived and will continue to deceive and confuse consumers of turf field services into believing that defendant performed those projects and provided those services, when in fact defendant had no involvement with any of those turf field projects.

36. Defendant is knowingly and intentionally showcasing FieldTurf projects on the Website to cause Website visitors to conclude they are Baraka Sport projects, when in fact defendant had absolutely no involvement with any of those turf field projects.

37. Defendant's actions are intentional, in bad faith, and designed to confuse and deceive consumers for which defendant and FieldTurf compete, and trade on the goodwill associated with FieldTurf.

38. As a direct and proximate cause of defendant's intentional acts, plaintiff has suffered damages in an amount to be determined at trial. At a minimum, however, plaintiff is entitled to injunctive relief, to an accounting of Baraka Sport's profits, damages and costs.

WHEREFORE, plaintiff prays for a judgment of this Court against defendant as follows:

1. That judgment be entered in favor of plaintiff on all of its claims for relief;

2. That damages be awarded to plaintiff in the amount determined at trial;

3. That a permanent injunction restraining and enjoining defendant, its agents, servants, employees, successors, licensees, subsidiaries and assignees, joint venturers, and any persons in active concert or participation with any of them, from:

    a. Making any statements about its experience or expertise and using any images that are likely to cause confusion, mistake or deception as to an affiliation or association with plaintiff, and its services; and

    b. Continuing to engage in any manner whatsoever of any other acts complained of in this Complaint;

4. For plaintiff's attorney's fees, costs, and disbursements incurred herein; and

5. That the Court order such other relief for plaintiff as the Court deems just and proper.

DATED this 6th day of May, 2016.

THE CONSUL GROUP

BY: /s/ Paul E. Loving

Paul E. Loving, OSB #942194
paul@theconsulgroup.com
Jeremy N. Pyle, OSB #110157
jeremy@theconsulgroup.com
**Attorneys for Plaintiff**